Clarence E. BLAIR–BEY, Appellant,

v.

Margaret QUICK, Chairperson, District
of Columbia Board of Parole, et
al., Appellees.

No. 96–5280.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 11, 1998.

Decided July 24, 1998.

Filed Oct. 16, 1998.

Before: WALD, WILLIAMS and TATEL,
Circuit Judges.

Opinion for the Court filed by Circuit
Judge WALD.

ON PETITION FOR REHEARING

WALD, Circuit Judge:

Appellees' petition for rehearing raises an
issue with respect to Blair–Bey's *ex post
facto* claim. We remanded that part of his
case to allow him to attempt to make out his
claim that the District of Columbia's current
parole system, which was adopted after he
committed his crimes, amounts to an *ex post
facto* law as applied to him because it more
strictly constrains the District of Columbia
Board of Parole's ("DCBOP" or "Board")
discretion to release prisoners by providing
for the use of "salient factor scores" which
give particular weight to certain factors. We
said that "the circuit caselaw poses some-
thing of a problem for Blair–Bey" in that
*Warren v. United States Parole Commis-
sion,* 659 F.2d 183 (D.C.Cir.1981) rejected a
similar challenge to a 1976 federal parole
system revision. We held, however, that on
remand Blair–Bey might be able to distin-
guish his case from *Warren* "in any of three
ways," by showing (1) that the Board's revi-
sions "impose a sufficiently great risk of
disadvantaging a particular category of in-
mates" to which Blair–Bey belongs, citing
*California Dep't of Corrections v. Morales,*
514 U.S. 499, 509, 115 S.Ct. 1597, 131
L.Ed.2d 588 (1995); (2) that the 1987 revision
was motivated by a punitive desire to punish
a certain type of prisoner, *see Miller v. Flori-
da,* 482 U.S. 423, 433–34, 107 S.Ct. 2446, 96
L.Ed.2d 351 (1987); or (3) that the Board
"does not in practice ever ignore its own
guidelines" so that they effectively exercise
no discretion at all. One or a combination of
these factors, we said, "could suffice to estab-
lish that Blair–Bey has been deprived of his
'entitlement to have [the Board's] discretion
exercised,'" but we were careful to refrain
from "decid[ing] now what kind of showing
would suffice." *Blair–Bey v. Quick,* 151 F.3d
1036, 1049 (D.C.Cir.1998) (quoting *Warren,*
659 F.2d at 196). Because Blair–Bey's peti-
tion had been dismissed *sua sponte* without

any opportunity on his part to develop arguments or present evidence, we remanded for reconsideration of his claim.

Appellees argue that we underestimated the precedential effect of *Warren*, which based its dismissal of the *ex post facto* claim against the federal guidelines independently on the retention of the discretion in the Board to deviate from the guidelines in worthy cases:

> Thus, while it is uncertain that the guidelines in fact work to Warren's detriment, and while the functional basis of the ex post facto clause is not substantially implicated in Warren's case, we do not rest our decision on those grounds alone. What clinches the case is that Warren was sentenced to be held in federal prison at the discretion—howsoever exercised—of the parole authorities, so that guidelines which merely rationalize the exercise of that discretion do not offend the ex post facto clause.

*Warren*, 659 F.2d at 195.

Announcing that "[a] change merely in the manner in which the Board, now the Commission, exercises its discretion ... cannot offend the ex post facto clause," *Warren* still insisted that "[i]t is important to point out that, precisely because Warren was sentenced to be held at the discretion of the parole authorities, under the ex post facto clause he *is* entitled to an opportunity to have that discretion exercised; anything less would impermissibly augment his penalty." *Id.* at 195–96. In *Warren*, however, the court dismissed the petition without affording the petitioner a chance to develop any record on lack of discretion in the DCBOP, stating that "we deem counsel's oblique references to inflexible application of the guidelines, unaccompanied by any profession of ability to produce at least some acceptable evidence thereof, insufficient ground for a remand...." *Id.* at 197 n. 57. Then-Judge Ruth Bader Ginsburg dissented on the ground that the prisoner's claim of "rigid decisionmaking" should be explored on remand; she would "await the development of some kind of record ... before reaching the merits of Warren's claim." *Id.* at 199 (Ginsburg, J., dissenting).

In sum, appellees would have us now declare that *Warren* conclusively bars any *ex post facto* claim based upon the DCBOP guidelines unless sufficient facts are alleged in the original petition to demonstrate that no discretion was being exercised by the Board in making parole decisions.

At this point in time—almost 20 years after *Warren* was decided—we tend to agree with Judge Ginsburg's comment that "the shut out comes too soon." *Id.* at 198. This is not to say, however, that the appellees do not make out a fair case that we have not hewn close enough to the grounds for *Warren*'s holding on the *ex post facto* claim. Although we cautioned that "If the 1987 revision [of the DCBOP guidelines] undertook to codify past parole practices, in the way that the 1976 federal guidelines revision did, and if the DCBOP in practice retains discretion to ignore the guidelines, then his case will fall under *Warren*," 151 F.3d at 1049, we take the opportunity now to reinforce our caution that in order to prevail Blair–Bey would have to demonstrate on remand at a minimum that the DCBOP's discretion under the guidelines is totally or very substantially circumscribed in law or in fact, and yields results materially harsher than those ordinarily occurring under the prior regime.

Unlike *Warren*, however, we do not believe that he should be denied that opportunity altogether. There is no doubt his burden is a heavy, if not a near-impossible one, but there is no federal precedent to bar his attempt. *Cf. Davis v. Henderson*, 652 A.2d 634, 636 (D.C.1995) (DCBOP guidelines "merely formalize the manner in which the Board exercises the discretion" previously conferred on it). Since *Warren* was decided, the Supreme Court has said that, given the possible *res judicata* effect of dismissing a complaint as frivolous, "a court of appeals reviewing a § 1915(d) disposition should consider whether the district court abused its discretion by dismissing the complaint with prejudice or without leave to amend." *Denton v. Hernandez*, 504 U.S. 25, 34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). The factual allegations Blair–Bey makes are not "fantastic," *id.* at 33, 112 S.Ct. 1728, and, although they may be lacking in detail, they are not so

obviously legally inadequate as to foreclose any possibility that Blair–Bey could submit a nonfrivolous amended complaint. *See Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (holding that the test for legal frivolity is less stringent than that applied under Rule 12(b)(6)). Thus, we think it is appropriate to allow Blair–Bey leave to amend his complaint on remand, despite *Warren*'s contrary approach.

Thus, although we acknowledge *Warren*'s requirement of a lack of discretion in the DCBOP as a *sine qua non* of an *ex post facto* claim is a stricter one than our original opinion may have suggested, we do not alter our decision that Blair–Bey should be allowed to present his case on remand. If he fails to do so, and his claim is rejected, the District will have its precedent and be adequately protected from any onslaught of future frivolous petitions based on the same grounds.